## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SHANGHAI JA SOLAR TECHNOLOGY CO., LTD., JA SOLAR TECHNOLOGY YANGZHOU CO., LTD. AND JINGAO SOLAR CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Ct. No. 21-00548 |

## COMPLAINT

Plaintiffs Shanghai JA Solar Technology Co., Ltd., JA Solar Technology Yangzhou Co., Ltd. and JingAo Solar Co., Ltd. (collectively "JA Solar"), producers and exporters of the subject merchandise, by and through their counsel, allege as follows:

## I.      PROCEEDING UNDER REVIEW

1.      This action seeks judicial review of certain aspects of the Final Results of the seventh administrative review of the countervailing duty ("CVD") order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China ("China") conducted by the U.S. Department of Commerce ("Commerce").  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018, 86 Fed. Reg. 48,393 (Dep't of Commerce Aug. 30, 2021) ("Final Results"), and accompanying Issues and Dec. Mem. ("Final I&D Mem.").  The review in question covers entries of crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells") during the period January 1, 2018 through December 31, 2018.

## II.     JURISDICTION AND STANDARD OF REVIEW

2.      JA Solar brings this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii), 19 U.S.C. § 1516a(a)(2)(A)(i)(I); (a)(2)(B)(iii).

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and section 516A(a)(2)(A)(i)(I), (B)(iii) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i)(I), (B)(iii).

4.      The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## III.     STANDING

5.      JA Solar, collectively, consists of foreign producers and exporters of the subject merchandise who actively participated in the CVD administrative review through written argument and, thus, is a party to the proceeding as defined in 19 C.F.R. §351.102(b).  JA Solar is, therefore, an "interested part{y}" within the meaning of sections 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. § 1677(9)(A) and 1516a(f)(3).

6.      Accordingly, JA Solar has standing to commence this action pursuant to 28 U.S.C. § 2631(c).

## IV.     TIMELINESS OF THIS ACTION

7.      On August 30, 2021, Commerce published the Final Results in the Federal Register.

8.      Plaintiffs filed a summons to initiate this case on September 29, 2021, within 30 days of the publication in the Federal Register of the Final Results.  See Summons (Sept. 29, 2021),

ECF No. 1.  This complaint is being filed within 30 days after the date on which the summons was filed.

9.    Thus, JA Solar's summons and complaint are timely filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and (B)(iii) and USCIT R. 3(a)(2), 6(a).

## V.    STATEMENT OF FACTS

10.    Commerce initiated the CVD investigation of solar cells from China on November 16, 2011, following the filing of the petition on October 19, 2011.  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of CVD Investigation, 76 Fed. Reg. 70,966 (Dep't of Commerce Nov. 16, 2011). The International Trade Commission (the "Commission") simultaneously conducted its investigation.  See Crystalline Silicon Photovoltaic Cells and Modules From China; Institution of Antidumping and CVD Investigations and Scheduling of Preliminary Phase Investigations, 76 Fed. Reg. 66,748 (Int'l Trade Comm'n Oct. 27, 2011).

11.    On December 7, 2012, Commerce issued a CVD order on solar cells from China following an affirmative CVD determination and an affirmative injury determination by the Commission.   See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: CVD Order, 77 Fed. Reg. 73,017 (Dep't of Commerce Dec. 7, 2012).

12.    In December 2019, certain interested parties requested that Commerce conduct an administrative review of the CVD order on solar cells from China.  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, and Intent to, in Part; 2018, 86 Fed. Reg. 21,691 (Dep't of Commerce Apr. 23, 2021) ("Prelim. Results"), and

accompanying Issues and Decision Mem. at 1-2 ("Prelim. Dec. Mem."). On February 6, 2020, Commerce initiated the seventh administrative review covering the period January 1, 2018 through December 31, 2018. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 85 Fed. Reg. 6,896, 6,901 (Dep't of Commerce Feb. 6, 2020).

13.     On September 22, 2020, Commerce selected two mandatory respondents: (1) Jiawei Solarchina Co., Ltd. ("Solarchina") and (2) Wuxi Tianran Photovoltaic Co., Ltd. ("Wuxi Tianran"). Prelim. Dec. Mem. at 2.

14.     On May 24, 2021, interested parties, including JA Solar, submitted case briefs or letters in lieu of case briefs for Commerce's consideration prior to issuing the Final Results. See Final I&D Mem. at 2. In its letter in lieu of a case brief, JA Solar adopted the arguments made by Wuxi Tianran in its case brief. On June 1, 2021, a domestic interested party filed a rebuttal brief. Id.

15.     On August 30, 2021, Commerce published the Final Results. Commerce calculated net countervailable subsidy rates of 19.28 percent for Wuxi Tianran, 525.58 percent for Solarchina, 525.58 percent for Wuxi Taichang Electronics Co., Ltd., and a review-specific rate applicable to the non-selected companies, including JA Solar, of 19.28 percent. See Final Results, 86 Fed. Reg. at 48,395.

16.     In the Final Results, Commerce utilized adverse facts available ("AFA") to impute a benefit under the Export Buyer's Credit Program ("EBCP") to respondents, including Wuxi Tianran, despite record evidence that Wuxi Tianran's customers, and Wuxi Tianran by extension, did not receive support through this mechanism during the period of review. See Final I&D Mem. at Cmt. 1. Commerce did not explain why the missing information was necessary to verify non-

use and why the information provided by Wuxi Tianran was insufficient to fill any alleged gaps in the record.  See id.

## VI.      STATEMENT OF THE CLAIMS

### COUNT I

17.      JA Solar herein incorporates by reference paragraphs 1 through 16, supra, of this complaint.

18.      Commerce's decision to impute a benefit to Wuxi Tianran under the EBCP, based on the application of AFA to the Government of China, is unsupported by substantial evidence and otherwise not in accordance with law.

### DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, JA Solar respectfully prays that this Court:

(1) find that Commerce's actions as described in Count I is unsupported by substantial evidence and otherwise not in accordance with law;

(2)  remand these matters to Commerce for redetermination consistent with this Court's opinion, including a recalculation of the margin for Wuxi Tianran;

(3) order Commerce to recalculate the CVD subsidy rate assigned to the non-selected companies, including JA Solar, based on the corrected rate calculated for Wuxi Tianran;

(4) order Commerce to publish amended Final Results in the Federal Register in accordance with a final decision by this Court in this matter;

(5) order Commerce to issue liquidation instructions to U.S. Customs and Border Protection consistent with this Court's decision; and

(6) provide such other relief as this honorable Court deems proper.

Respectfully submitted,

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue NW, Suite 810
Washington, DC 20015
202-688-3610 (phone)
trade@mowrygrimson.com
*Counsel to JA Solar*

Date: October 27, 2021